UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P180-C

**STEPHON L. TRAMBER**                                                                            **PLAINTIFF**

**v.**

**MARK BOLTON** *et al.*                                                                         **DEFENDANTS**

### MEMORANDUM OPINION

Unrepresented by counsel, the plaintiff filed this action under 42 U.S.C. § 1983 proceeding *in forma pauperis*.  This matter is before the court on the initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the court will dismiss the action.

### I.

The plaintiff is currently an inmate at the Roederer Correctional Complex. His complaint stems from his incarceration at the Louisville Metro Department of Corrections (LMDC).  He sues LMDC Director Mark Bolton, Major Butler, and Captain Welch, each in his or her individual and official capacities.  The plaintiff states that on February 28, 2011, he was placed in isolation for refusal to follow orders.  The plaintiff states that upon being moved to isolation, "I was throughly searched and my property bag; violated in the search procedure's, and an illegal seizure of property was confiscated from me."  He states that the confiscated items were permitted items under LMDC regulations and were confiscated due to

untrained, insubordinate officers. Those items, he says, include a law library book, personal clothing, pictures, magazines, a dictionary, two almanacs, hygiene items, and legal papers. He assesses their value at $1,978.00. He claims that they have not been returned to him. As relief, he seeks reimbursement for his property, compensatory and punitive damages, and injunctive relief.

II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488

(6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

The plaintiff's allegations in this lawsuit concerning the confiscation of his property do not give rise to a constitutional violation.  Where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *Parratt*, 451 U.S. at 543-44;  *see also Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).  Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Moreover, to the extent that the plaintiff asserts that the search and confiscation of his property constitute a violation of the Fourth Amendment, that claim also fails.  The Fourth Amendment provides, in part:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. CONST. amend. IV.  In *Hudson v. Palmer*, 468 U.S. 517 (1984), an inmate brought an action under § 1983 claiming, in part, that the destruction of his personal property during a search of his cell violated his Fourth Amendment right to be free from unreasonable

4

searches and seizures.  In rejecting the inmate's claim, the Supreme Court stated that a prisoner does not possess "any subjective expectation of privacy . . . in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell." *Id*. at 526.  The same rationale applies to a prisoner's argument that the loss of his property constituted an unreasonable seizure in violation of the Fourth Amendment. *Id*. at 528 n.8.  Thus, the instant plaintiff has failed to allege a cognizable Fourth Amendment claim against these defendants.

In addition, to the extent the plaintiff asserts that confiscation of his legal materials was a denial of access to the courts, that claim would also fail.  In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.  That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted)*.*  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed

deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Here, the plaintiff has not alleged that the confiscation of his legal materials actually prevented him from accessing the courts. Therefore, he has not set forth a constitutional claim against the defendants for interference with the courts.

Thus, the plaintiff's civil action concerning his lost property against the defendants in their individual and official capacities will be dismissed for failure to state a claim upon which relief may be granted, and the court will dismiss this action by separate order.

The clerk of court is **DIRECTED** to send a copy of this memorandum opinion and accompanying order to the plaintiff and the defendants.

Signed on  July 13, 2012

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**